**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TONY CRAWFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-8177** |
| **GENERAL INSURANCE COMPANY OF AMERICA** | **SECTION "T" (4)** |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand. Rec. Doc. 9. Defendant filed an Opposition to the Motion. Rec. Doc. 14. The Motion came for hearing without oral argument on January 16, 2008, and was submitted on the briefs. The Court having considered the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and is ready to rule.

**I.    BACKGROUND**

Tony Crawford (hereinafter, "Plaintiff") filed this action for damages relative to an insurance policy issued by General Insurance Company of America (hereinafter, "Defendant") for coverage placed upon his home located at 2422 Wisteria Street in New Orleans, Louisiana. The policy issued was a forced-placed policy placed upon the home by Plaintiff's mortgagor, Regions Bank. The action was originally filed in Civil District Court, Parish of Orleans, and was removed to this Court on November 7, 2007. Rec. Doc. 1. This Motion to Remand was filed shortly thereafter.

In an effort to clarify the issue of the amount in controversy, Plaintiff filed a post-removal irrevocable stipulation affirmatively renouncing and waiving any right or entitlement to accept or enforce any judgment in excess of $75,000.00. *See* Exhibit "3" attached to Rec. Doc. 9. Plaintiff argues that the stipulation is sufficient to clarify the issue of the amount in controversy and to facilitate remand. Rec. Doc. 9 at p. 2.

Defendant counters that it was facially apparent from the allegations in the State Court

Petition for Damages that the amount in controversy exceeded $75,000.00 because: (1) Plaintiff alleged Hurricane Katrina "significantly damaged" his property; and (2) he seeks damages for bad faith and breach of contract as well as penalties under the applicable Louisiana statutes. Rec. Doc. 14 at p. 2. Additionally, Defendant urges that Plaintiff cannot seek to defeat jurisdiction by stipulating post-removal that the claim is less that $75,000.00. Rec. Doc. 14 at p. 2. Finally, Defendant argues that the Louisiana Code of Civil Procedure requires that a plaintiff make an assertion in his Petition for Damages that the total damages are less than $75,000.00 and because Plaintiff did not so assert this in his Petition, remand should not be allowed via a post-removal stiupulation. *Id.* at p. 3.

## II.   LAW AND ANALYSIS

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). However, a court must remand the case to state court if, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1441( c).

Typically, when a plaintiff alleges a damage figure in excess of the required amount in controversy, that amount controls if made in good faith. *Valobra v. State Farm Fire & Casualty Co.*, No. CIV.A.06-3278, 2006 WL 2710461, at *1 (E.D. La. Sept. 20, 2006) *citing St. Paul Mercury Idem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). Similarly, if a plaintiff pleads damages less than the jurisdictional amount, this figure will also control, generally barring removal . *Id.; See also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). However, Louisiana law does not permit a plaintiff to plead a specific amount of money damages. *See Atkins v. Lexington Insurance Co.*, No. CIV.A.06-1254, 2006 WL 1968895, at *2 (E.D. La. 2006). Therefore, Fifth Circuit law

requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id. citing Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Id. citing Allen*, 63 F.3d at 1335. In those instances where the requisite jurisdictional amount is ambiguous or uncertain at the time of removal, post-removal affidavits sometimes can be relevant . *Asociacion Nacional De Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir.1993).

Defendant has not met its burden. Paragraph 11 of the Petition for Damages provides that the "[petitioner's damages are less than $75,000.00." *See* State Court Pleadings Exhibit "1" attached to Rec. Doc. 1. Louisiana law does not permit a Plaintiff to plead a specific amount of money damages, therefore Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon,* 193 F.3d at 850. To satisfy this burden, Defendant must show either that it is facially apparent that the Plaintiff's claims exceed the jurisdictional amount or set forth facts to support a finding that the jurisdictional amount is satisfied. *Allen,* 63 F.3d at 1335. Here, from reviewing the state court Petition, the Court finds that it is not facially apparent that the amount in controversy is met evidenced by Plaintiff's Paragraph 11. Accordingly, Defendant must set forth facts supporting a finding that the jurisdictional amount is satisfied. Defendant argues that the amount is satisfied because Plaintiff uses the terms "significantly damaged" and because he seeks statutory penalties. However, Defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *De Aguilar*, 47 F.3d at 1412.

Further, where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen,* 63 F.3d at 1336.

Defendant cannot solely rely upon the statutory penalty statutes and the words "significantly damaged" in order to meet the amount in controversy requirement when, as here, Plaintiff pled in his state court Petition that his claim did not exceed $75,000.00 and he has clarified that position via post-removal stipulation declaring that he is renouncing and waiving any right or entitlement to accept or enforce as judgment in excess of $75,000.00. Accordingly, Defendant has not met its burden in showing that it is facially apparent that the action was removable nor put forth sufficient evidence establishing the amount in controversy is met.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand, Rec. Doc. 9, is **GRANTED.**

New Orleans, Louisiana this 10th day of March, 2008.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**